# IN THE COURT OF APPEALS OF IOWA

No. 17-0212
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ASHLEY NICOLE WILTSE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Colleen D. Weiland, Judge.

Ashely Nicole Wiltse appeals her conviction and sentence for wanton neglect of a resident of a health care facility. **CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTINCING.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Ashely Nicole Wiltse appeals her conviction and sentence for wanton neglect of a resident of a health care facility. We find trial counsel was not ineffective for failing to challenge the sufficiency of the evidence and error was not preserved concerning the admission of a recorded interview. We do find the district court abused its discretion in establishing conditions of Wiltse's probation. We affirm the district court in part, vacate the sentence and remand for resentencing.

## I. Background Facts and Proceedings

Wiltse worked as a certified nurse's assistant (CNA) at Chautauqua Guest Homes (Chautauqua), a health care facility in Charles City, Iowa. On February 12, 2016, Wiltse sent a text message asking a former employee of Chautauqua where she could get Xanax. The former employee did not respond.

On February 16, Caleb Schadt was found unresponsive in his room. Schadt was a resident of Chautauqua after receiving severe injuries in a car accident, leaving him a quadriplegic. Schadt was moved from his chair to the bed and could not be awakened. Wiltse's shift ended, and she left with another CNA. During the drive Wiltse told the other CNA she had given Schadt Xanax and had taken some herself. Neither Schadt nor Wiltse had a prescription for Xanax.

Schadt eventually regained consciousness and admitted he had taken Xanax but would not tell staff how it was obtained. The only guest Schadt had on February 16 was Jamison Zirbel, a friend of Schadt and Wiltse's former fiancé. At trial Schadt testified Zirbel had given him the Xanax.

Wiltse pleaded not guilty on April 20. Trial was held on November 29 and 30. Wiltse filed a motion in limine seeking to exclude the use of a recording of an interview, which she describes as an interrogation, by an investigator for the Iowa Department of Inspections and Appeals. Wiltse also filed an amended motion in limine on this issue. Both motions were denied. Wiltse was found guilty of wanton neglect of a resident of a health care facility, in violation of Iowa Code section 726.7(1) and (3) (2016). The district court sentenced Wiltse to one year in jail with credit for time served and all but ten days suspended, two years of probation, and a $625 fine with a thirty-five percent surcharge, and with all but $100 suspended. The district court also entered a no-contact order, ordered payment of sheriff's fees and costs, and ordered payment of $150 in attorney fees. Wiltse now appeals.

## II. Standard of Review

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

"When a defendant challenges the terms of probation, '[i]t has long been a well-settled rule that trial courts have a broad discretion in probation matters which will be interfered with only upon a finding of abuse of that discretion.'" *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006) (citation omitted). "[O]ur task

on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 445.

District courts' evidentiary rulings are reviewed for abuse of discretion. *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013).

### III. Ineffective Assistance

Wiltse first claims counsel was ineffective for failing to challenge the sufficiency of the evidence. The jury instructions stated:

> [T]he state must prove both of the following elements of wanton neglect of a resident of a health care facility:
>     1. On or about February 16, 2016, the defendant knowingly acted in a manner likely to cause injury to the physical or mental welfare of Caleb Schadt.
>     AND
>     2. Caleb Schadt was a resident of a health care facility.

Wiltse claims the evidence was not sufficient to prove injury was likely.

At trial, testimony was presented that Xanax is a schedule IV narcotic. Schedule IV narcotics are the second lowest tier of controlled substances and have a lower potential for abuse, with some risk of physical or psychological dependence. Iowa Code § 124.209. Wiltse claims this shows injury was not likely, and therefore, the evidence was insufficient.

However, testimony also showed the medical staff at Chautauqua "was concerned for [Schadt's] respiratory status because of his condition . . . . He's not able to breathe well, and taken that amount of Xanax would lower his respirations even more." Additionally, in a text, Zirbel stated, "He wanted [Xanax]! Don't try [to] say this is [Wiltse's] fault because he wanted those and he knows he's in no condition to be doing that." When asked how much Xanax Schadt had taken, in another text Wiltse responded, "I have no idea how

much[.] . . . [H]e told me he thought he could handle as much as he did before[.] I told him his body is different now he can't be doing that[.]"

We find the evidence was sufficient to find injury was likely to occur. Giving unprescribed medications to a patient with complicated medical needs, requiring around-the-clock care, on a significant amount of medication, can be found to likely cause injury, especially when evidence indicates many people, including the Wiltse, were aware of the risks. We find trial counsel was not ineffective for failing to object to the sufficiency of the evidence, as such an objection would have been meritless. *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008).

### IV. Admission of Evidence

Wiltse next claims the district court should not have allowed into evidence a recording of an interview by the Iowa Department of Inspections and Appeals. The State claims error was not preserved on this issue. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

At trial Wiltse filed a motion in limine seeking to bar the use of the recording because Wiltse was in custody and not informed of her constitutional right to remain silent. Wiltse also asked statements made during the interview "regarding what other witnesses have told [the investigator] should be excluded as this would amount to hearsay and would not be covered by any exception."

Wiltse now claims the district court should not have allowed the recording to be introduced because the probative value was minimally relevant and

outweighed by the prejudice the recording could cause. Wiltse did not raise this issue before the district court, and therefore, it was not preserved for our review.[1]

## V. Probation Conditions

Wiltse finally claims the district court abused its discretion when establishing the conditions of her probation. The conditions, in relevant part, state, "[Defendant] shall abstain from the use of alcohol or other illegal drugs" and "[Defendant] shall not frequent bars, taverns or other liquor stores." The State claims these restrictions were a proper exercise of the district court's authority.

"[T]rial courts have a broad discretion in probation matters which will be interfered with only upon a finding of abuse of that discretion.'" *Valin*, 724 N.W.2d at 444 (citation omitted). Conditions of probation should be "reasonably related to the crime of which defendant was convicted or to future criminality." *State v. Lathrop*, 781 N.W.2d 288, 291 (Iowa 2010).

The State contends that prohibiting Wiltse from drinking alcohol and frequenting bars, taverns, and other liquor stores is rationally related because Wiltse was convicted of operating while intoxicated in 2012, there was evidence regarding Wiltse's drug use, and the crime involved the use of intoxicating substances. The record contains no indication of problems with alcohol outside of the conviction in 2012.

An isolated incident, with no indication of a continuing pattern of offense, is not a rational basis for imposing probation conditions. Similarly, while the

---

[1] Wiltse objected during the trial and filed a motion in limine to exclude the recording, but neither motion sought to exclude the evidence based on Iowa Rule of Evidence 5.403.

current offense does involve intoxicating substances, a prescription drug, it does not automatically follow Wiltse has an issue with every intoxicating substance. If such a conclusion could be made, many substances, including other medications, would be equally suitable for prohibition. We are unconvinced by the State's arguments.

While the prohibition of illegal drugs is proper and should remain, we find prohibiting the consumption of alcohol and frequenting establishments primarily serving alcohol is a condition that is not "reasonably related to the crime of which defendant was convicted or to future criminality." *See Lathorp*, 781 N.W.2d at 291. Therefore we vacate the sentencing order and remand to the district court for resentencing in concurrence with this opinion.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTINCING.**